UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ENOMA IGBINOVIA

Plaintiff,

v.

WILLIAM HEHN, et al.,

Defendants.

Case No. 2:22-cv-01383-JAD-EJY

**ORDER**

**and**

**REPORT AND RECOMMENDATION**

Pending before the Court is the application to proceed *in forma pauperis* ("IFP") and Amendment Civil Rights Complaint filed by Plaintiff Enoma Igbinovia.  ECF Nos. 1, 5.  Plaintiff's IFP application is complete and provides information necessary to grant the application.

**I.     Screening Standard**

Upon granting a request to proceed in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Therefore, to survive § 1915(e)(2) review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted).

When considering whether a complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although

the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Recitation of the elements of a cause of action alone is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.   Plaintiff's Complaint**

Plaintiff asserts that in 1997 he was wrongfully arrested, charged with, and found guilty of various state law claims for which he ultimately served more than 20 years in prison. Plaintiff recounts the events leading to his arrest and conviction in great detail before alleging that his co-defendant was ultimately released based on prosecutorial misconduct and the use of false and fabricated evidence.

Plaintiff attaches to his Complaint a supplement to a post-conviction petition for habeas corpus filed in the Eighth Judicial District Court. ECF No. 1-1 at 34. Plaintiff does not attach any documents evidencing the outcome of that Petition and the Court could find none on the state court web site. Indeed, Plaintiff admits he was released on state parole. ECF No. 1-1 at 15. Nevertheless, Plaintiff states he is "actually innocent"; that his codefendant was released based on "clerical errors"; and the law of the case leading to his codefendant's release should apply to him as well. ECF No. 1-1 at 11-12.

Plaintiff's first cause of action is brought under the Fourteenth Amendment and asserts false evidence was introduced and used to convict Plaintiff of crimes thereby depriving Plaintiff of liberty for 23 years. Plaintiff concludes the police, prosecutor, and defense attorneys were involved in this conduct. *Id.* at 5. Plaintiff's second cause of action is brought under the Eighth Amendment and alleges that Defendants used false evidence to charge and convict Plaintiff. Plaintiff says when in prison he faced the harshest living conditions amounting to cruel and unusual punishment. Plaintiff says the false and fabricated evidence was also cruel and unusual. Plaintiff says he now suffers from post-traumatic stress disorder.

Plaintiff's third cause of action is also asserted under the Eighth Amendment and alleges his rights were violated when Defendants failed to protect him after falsely and wrongfully convicting him.  Plaintiff says he was housed with known gang members and he was stabbed multiple times without provocation.  Plaintiff says he was at one time placed on life support due to his injuries.  Plaintiff's fourth cause of action under the Eighth Amendment arises from unlawful and false confinement.  Plaintiff says he was kept in solitary confinement for seven years.

      A.    <u>Plaintiff's Fourteenth Amendment Claim Fails As A Matter Of Law As Asserted Against Members Of The Clark County District Attorney's Office And His Defense Counsel.</u>

Under Ninth Circuit authority, absolute prosecutorial immunity covers "knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution" since these are duties that are intimately associated with the judicial phase.  *Milstein v. Cooley*, 257 F.3d 1004, 1008–9 (9th Cir. 2001); *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003) ("A prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is a violation of due process under *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  It is, nonetheless, an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages.").  Thus, Plaintiff's claims against the Clark County District Attorney's Office and any Assistant District Attorney fail as a matter of law and should be dismissed with prejudice.

Plaintiff's defense attorney is not a state actor for purposes of § 1983.  Actions under § 1983 may only be brought against state actors, not private citizens or those acting as private citizens.  *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.").  Plaintiff's claims against his defense counsel also fail as a matter of law because, whether a public defender or privately retained, such counsel is not a state actor for purpose of § 1983 liability.  Plaintiff's claims against the District Attorney and defense counsel should be dismissed with prejudice.

B.     Plaintiff Also Presently Fails To State A Claim Against Las Vegas Metropolitan Police Department Officers.

Plaintiff states a claim against the individual law enforcement officer defendants.  Plaintiff has a Fourteenth Amendment, "constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001); *Miller v. Pate*, 386 U.S. 1, 7 (1967). To make out a claim for deliberate fabrication of evidence, Plaintiff must show at least one of the following two propositions: (1) Defendants continued their investigation of Plaintiff despite the fact they knew or should have known he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known those techniques would yield false information.  *Id.* at 1076.

Plaintiff's Complaint repeatedly discusses alleged lies told by the supposed victim and the victim's girlfriend, the introduction of guns that Plaintiff states was "false evidence," and the intentional, willful, and deliberate use of such evidence to corroborate the victim's lies.  Plaintiff repeatedly states the law enforcement officers knew he was innocent and pursued his claim despite this knowledge.  Plaintiff does not allege facts relating to coercive or abusive investigative techniques that law enforcement knew or should have known would yield false information.  For this reason, Plaintiff fails to plead facts that facially state a Fourteenth Amendment claim based on the conduct of law enforcement.  However, Plaintiff states sufficient facts to establish the first prong of the *Devereaux* test and therefore states a Fourteenth Amendment claim against Officers Hehn, Sacra, Chaparian, Berni with the Las Vegas Metropolitan Police Department ("LVMPD").

B.     Plaintiff's Eighth Amendment Claim Fails, But The Court Recommends Dismissal Without Prejudice.

i.     The Eighth Amendment standard.

A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment.  *Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  The Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), but neither does it permit

4

inhumane ones, and it is settled law that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling*, 509 U.S. at 31.  Specifically, the Eighth Amendment imposes duties on prison officials that include (1) ensuring inmates receive adequate food, clothing, shelter, and medical care, and (2) taking "reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984); *Helling*, 509 U.S. at 31-32; *Estelle*, 429 U.S. at 103.  Courts have uniformly held "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Cortes–Quinones v. Jimenez–Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988) (internal quotation marks and citation omitted), *cert. denied*, 488 U.S. 823, (1988); *see also Wilson*, 501 U.S. at 303 (describing "the protection [an inmate] is afforded against other inmates" as a "conditions of confinement" subject to the strictures of the Eighth Amendment).

Having incarcerated "persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent conduct," *Hudson*, 468 U.S. at 526, while "having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer v. Brennan*, 511 U.S. 825,  833 (1994) (internal quotation marks, citation, and alterations omitted).  Prison conditions may be "restrictive and even harsh"; however, "[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Id*. at 833-34 (quoting *Cortes–Quinones*, 842 F.2d at 558).

Still, case law hold that a prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be objectively "sufficiently serious." *Wilson*, 501 U.S. at 298 (internal citation omitted).  For a claim like the one here—based on prison conditions generally and danger posed by other inmates—the prison official's acts or omissions must result in the denial of "the minimal civilized measure of life's necessities" (*Rhodes*, 452 U.S. at 347), and demonstrate the prisoner was incarcerated under conditions posing "an unreasonable risk of serious damage to his future health." *Helling*, 509 U.S. at 35.

The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson*, 501 U.S. at 297 (internal quotation

marks, emphasis, and citations omitted).  Under the subjective test, the prisoner must show that the prison official had "a sufficiently culpable state of mind," that amounts to "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal citations and quote marks omitted).  Deliberate indifference occurs when a prison official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.  Notably, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*  Mere negligence is insufficient to show a violation of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 322 (1986) (distinguishing negligence from wanton conduct).

> ii.     *Plaintiff fails to plead sufficient facts to state an Eighth Amendment Claim.*

Although Plaintiff states the conditions of his confinement were abhorrent, this allegation in and of itself, is insufficient to state an Eighth Amendment claim.  As explained above, Plaintiff must allege facts demonstrating denial of minimal civilized measure of life's necessities in order to state a facial violation of his Eighth Amendment constitutional rights.  The conclusion that a violation occurred because prison conditions were bad, or even very bad, simply does not state an Eighth Amendment claim.  Moreover, Plaintiff does not identify any individual employed by the prison who was aware of or should have known of the alleged inhumane conditions under which he was supposedly housed.  Plaintiff also does not allege that any such individual failed to take any steps to correct the conditions despite his or her knowledge.  Confinement in harsh conditions does not violate the Eighth Amendment.  Use of words like "gruesome," while suggesting something awful, simply does not provide sufficient factual information, even if accepted as true, to state a constitutional violation that is plausible on its face.

Similarly, Plaintiff's assertion that his constitutional rights were violated while incarcerated when he was stabbed and seriously injured by another (or more than one other) inmate does not, alone, state an Eighth Amendment violation.  Plaintiff does not allege any prison official knew or should have known of the danger posed before the events occurred or that such official failed to act reasonably in light of that knowledge.  Plaintiff also does not identify a single prison employee or official, whether by name or title, who had or should have had the knowledge and failed to act.  Plaintiff does not state when the events he complains of occurred or how those events demonstrate

a prison official was deliberately indifferent to his safety.  Plaintiff alleges no facts from which the Court can infer such knowledge or deliberate indifference.  "[A] pleading may not simply allege a wrong has been committed and demand relief."  *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011).  Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests.  *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted).[1]

Despite Plaintiff's pleading failures, the Court finds Plaintiff may be able to amend his allegations by including factual information such that his Eighth Amendment claims could survive screening.  For this reason, the Court recommends Plaintiff's conditions of confinement claim be dismissed without prejudice.

**III.   Order**

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No.1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's First Cause of Action alleging a violation of the Fourteenth Amendment against LVMPD Officers Hehn, Sacra, Chaparian, and Berni may proceed.

IT IS FURTHER ORDERED that the Court requests that Defendants Hehn, Sacra, Chaparian, Berni waive service of summons and of the Amended Complaint by executing, or having counsel execute, a Waiver of Service of Summons.  *See* Fed. R. Civ. P. 4(d).  Such Waiver must be filed with the Court no later than 30 days after this Order is issued.  If these Defendants choose to return the Waiver of Service of Summons, their responsive pleading will be due within 60 days after the date of this Order.

IT IS FURTHER ORDERED that the Clerk of Court **must** mail the following documents to each Defendant in separate envelopes: (1) a copy of Plaintiff's Amended Complaint (ECF No. 5),

---

[1]     The Court notes Plaintiff repeats his lack of guilt in several places of his Complaint, but does not state an attack on his conviction in a cause of action.  Thus, the Court does not discuss this issue in detail.  However, to the extent Plaintiff seeks to assert an attack that would render his conviction or sentence invalid, this claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Heck* holds that a 42 U.S.C. § 1983 claim that seeks to "render a conviction or sentence invalid," where that conviction has not been reversed, expunged, or called into question, must be addressed through a writ of habeas corpus.  *Id*. at 486-87.

(2) a copy of this Order, and (3) the Notice of Lawsuit and Request to Waive Service of Summons; and the Waiver of Service of Summons form (**attached as Exhibit A**).

The address to which these documents must be mailed is:

DEFENDANT's NAME
c/o Las Vegas Metropolitan Police Department
400 S. Martin Luther King Blvd., Bldg. B
Las Vegas, NV 89106

**IV.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's First Cause of Action alleging a violation of the Fourteenth Amendment against the Clark County District Attorney's Office and his defense counsel be dismissed with prejudice because these claims fail as a matter of law.

IT IS FURTHER RECOMMENDED that Plaintiff's Second, Third, and Fourth Causes of Action alleging violation of the Eighth Amendment based on the conditions of Plaintiff's confinement and failure to protect Plaintiff from serious risk of harm from other inmates be dismissed without prejudice and with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff be given one opportunity to file an amended complaint, which must be filed by or before **May 31, 2023**.

Plaintiff is advised that if he files an amended complaint, all factual allegations and claims for relief must be stated in that filing.  The Court cannot refer to Plaintiff's original Complaint for purposes of determining if the amended complaint states a claim.  Said in other words, the amended complaint must be complete in and of itself.  The amended complaint should address the deficiencies identified in the above Report and Recommendation with respect to the claims against Las Vegas Metropolitan Police Department Officers as well as those identified with respect to Plaintiff's claims of Eighth Amendment violations.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to abide by the terms of this Order or otherwise fails to state claims for relief in his Amended Complaint, this action be dismissed without prejudice and without leave to amend.

Dated this 19th day of April, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

# <u>EXHIBIT A</u>

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ENOMA IGBINOVIA

     Plaintiff(s),

v.

WILLIAM HEHN, et al.,

     Defendants.

Case No. 2:22-cv-01383-JAD-EJY

**RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS**

TO:    Defendant
c/o Las Vegas Metropolitan Police Department
400 S. Martin Luther King Blvd., Bldg. B
Las Vegas, NV 89106

A lawsuit has been filed against you or individuals/entities which you represent in this Court under the number shown above.  A copy of the Amended Complaint (ECF No. 5) is attached.  This is not a summons or an official notice from the Court.  It is a request that, to avoid the cost of service by the United States Marshals Service, Defendant waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, Defendant must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendant was served on the date the waiver is filed, but no summons will be served, and Defendant will have 60 days from the date this notice is sent to respond to the Amended Complaint.  If Defendant does not return the signed waiver within the time indicated, the Court will order the United States Marshals Service to personally serve the summons and Amended Complaint on Defendant and may impose the full costs of such service.  Please read the statement below about the duty to avoid unnecessary expenses.

Dated: April 19, 2023

_____
UNITED STATES MAGISGRATE JUDGE
ELAYNA J. YOUCHAH

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and Amended Complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the Court has no jurisdiction over this matter or over a defendant or a defendant's property.

If the waiver is signed and filed, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must—within the time specified on the waiver form—serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the Court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ENOMA IGBINOVIA

     Plaintiff,

v.

WILLIAM HEHN, et al.,

     Defendants.

Case No. 2:22-cv-01383-JAD-EJY

**RULE 4 WAIVER OF SERVICE OF SUMMONS**

TO:    The United States District Court for the District of Nevada

The following Defendant(s) acknowledge receipt of your request to waive service of summons in this case.  Defendant(s) also received a copy of the Amended Complaint (ECF No. 5). I am authorized by the following Defendant(s) to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following be served with judicial process in the case provided by Rule 4 of the Federal Rules of Civil Procedure:

_____;     _____;

_____;     _____;

The above-named Defendant(s) understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.  Defendant(s) also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and that default judgment will be entered against them if they fail to do so.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
Printed name
Address
Email Address
Telephone Number

13