**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Enoma Igbinovia, | Case No.: 2:22-cv-01383-JAD-EJY |
| Plaintiff | |
| v. | |
| William Hehn, et al., | **Order Granting Motions to Extend Time and for Clarification** |
| Defendants | [ECF Nos. 7, 8] |

Pro se plaintiff Enoma Igbinovia brings suit against various police officers and caseworkers for the circumstances surrounding his arrest and conviction for robbery in 1997 and the conditions of his confinement while he was incarcerated for that offense. The magistrate judge screened Igbinovia's complaint under 28 U.S.C. § 1915 and determined that one of his claims could proceed as pled, but recommended that another claim be dismissed with prejudice and yet another be dismissed with leave to amend. Igbinovia seeks an extension of time to object to the magistrate judge's recommendation.[1] He also seeks clarification, explaining that the wording of the recommendation's conclusion was confusing and asking whether the district-court judge has already made a ruling on the magistrate judge's report and recommendation.[2] I grant both motions.

**Discussion**

When the magistrate judge screened Igbinbovia's complaint, she found that his

---

[1] ECF No. 7.
[2] ECF No. 8.

Fourteenth Amendment claim against officers William Hehn, D. Sacra, M. Chaparian, and R. Berni could proceed and requested that those defendants waive service of summons.[3] The magistrate judge also found that Igbinovia's Eighth Amendment claim against prison employees for deliberate indifference to the conditions of his confinement was insufficient to state a claim upon which relief could be granted and thus recommended the claim's dismissal, but she also recommended that Igbinovia be given another chance to plead facts supporting the elements of that claim.[4] Igbinovia states that he is confused about the magistrate judge's decision because part of it appears to be an order, while another portion appears to be a recommendation.[5]

      To clarify, the magistrate judge has the authority to screen complaints and order that well-pled claims proceed toward resolution. But if the magistrate judge believes that a plaintiff's claim cannot survive screening, she must recommend to a district judge that such a claim be dismissed. Both happened here. The magistrate judge found that Igbinovia's Fourteenth Amendment claim against various police officers can move forward because Igbinovia sufficiently pled facts to support that claim. But she determined that Igbinovia's Fourteenth Amendment claim, as pled against the Clark County District Attorney's Office and defense counsel, and his Eighth Amendment claim concerning his conditions of confinement, should not survive screening. So she recommends that I dismiss the claims against the district attorney's office and defense counsel with prejudice because those claims fail as a matter of law—a deficiency that cannot be cured by giving Igbinovia leave to amend his complaint. She further recommends that I dismiss Igbinovia's Eighth Amendment claim with leave to amend, meaning

---

[3] ECF No. 6 at 7.
[4] *Id.* at 6.
[5] ECF No. 8 at 1.

that Igbinovia would have another chance to plead facts to support his Eighth Amendment claim in a second-amended complaint. I have not ruled on those recommendations and will not until Igbinovia has a chance to object to them.

So Igbinovia is advised that, no matter what he does at this point, **his Fourteenth Amendment claim against William Hehn, D. Sacra, M. Chaparian, and R. Berni will proceed**. If he wishes to object to the magistrate judge's recommendation that I dismiss with prejudice his claims against the district attorney's office and his defense counsel, and dismiss without prejudice and with leave to amend his Eighth Amendment claim, he must do so by **May 23, 2023** (which is an extended deadline that I provide only because Igbinovia gave good cause for that deadline extension). I **vacate** Igbinovia's deadline to file a second-amended complaint until I consider his objections and rule on the magistrate judge's report and recommendation. If I ultimately adopt the recommendation, I will then provide Igbinovia sufficient time to file an amended complaint.

**Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff Enoma Igbinovia's motion for clarification **[ECF No. 8] is GRANTED** as explained in this order.

**IT IS FURTHER ORDERED** that Igbinovia's motion to extend time **[ECF No. 7] is GRANTED**. Igbinovia must file objections to the magistrate judge's report and recommendation by **May 23, 2023**. **Igbinovia should not file an amended complaint** until I rule on his objections and the magistrate judge's recommendation.

_____
U.S. District Judge Jennifer A. Dorsey
May 9, 2023