UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Enoma Igbinovia, | Case No.: 2:22-cv-01383-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting Motion to Reconsider and Denying Motion to Stay Summary Judgment** |
| William A. Hehn, et al., | |
| Defendants | [ECF No. 19, 21] |

Enoma Igbinovia brings this suit against various police officers and caseworkers for the circumstances surrounding his arrest and conviction for robbery in 1997 and the conditions of his confinement while he was incarcerated for that offense. The magistrate judge screened the complaint under 28 U.S.C. § 1915 and recommended dismissal of all of his claims but one—a Fourteenth Amendment claim against individual police officers for allegedly planting false evidence that led to his decades-old conviction. Igbinovia didn't object, so I adopted that recommendation. In June 2023, the officer defendants moved to dismiss the remaining Fourteenth Amendment claim, arguing that it is barred because it challenges the validity of his 1997 conviction.[1] Again, Igbinovia didn't respond, so I granted the motion to dismiss and closed this case.[2]

Six days after the dismissal order hit the docket, Igbinovia filed a motion to extend time to respond to the now-granted motion to dismiss.[3] I denied that motion as untimely.[4] Igbinovia

---

[1] ECF No. 13.
[2] ECF No. 15.
[3] ECF No. 17.
[4] ECF No. 18.

now moves for reconsideration of my dismissal order.[5] He contends that, though defendants' motion to dismiss was filed on June 20, 2023, he didn't receive it in the mail until June 30, 2023.[6] Igbinovia argues that he believed he had 14 days from the day he received the order to oppose or file a timely motion to extend, and he met that deadline with his July 13, 2023, motion.[7] The defendants oppose reconsideration, arguing that Federal Rule of Civil Procedure (FRCP) 6 allows the addition of only 3 days to deadlines if service is completed by mail.[8] They also contend that Igbinovia has not shown excusable neglect to justify his late response.[9] Igbinovia also filed a late response to the defendants' motion to dismiss and a "motion to stay summary judgment" until discovery is concluded.[10]

**A.    Igbinovia's motion for reconsideration is granted.**

Under FRCP 60, a court may "relieve a party or its legal representative from a final judgment, order, or proceeding."[11] A motion for reconsideration is generally appropriate when the district court is presented with newly discovered evidence, has committed clear error, there is an intervening change in controlling law, or the order is the result of "mistake, inadvertence, surprise, or excusable neglect."[12] Courts consider four factors in evaluating excusable neglect: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact

---

[5] ECF No. 19.

[6] *Id.* at 2.

[7] *Id.*

[8] ECF No. 23 at 4 (citing Fed. R. Civ. P. 6(a)).

[9] *Id.* at 5.

[10] ECF No. 20; ECF No. 21. Igbinovia's response and motion to stay are identical.

[11] Fed. R. Civ. P. 60(b).

[12] *See id.*; *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 (9th Cir. 2010).

on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."[13] In *Ahanchian v. Xenon Pictures, Inc.*, the Ninth Circuit overturned a district court's denial of a Rule 60(b) reconsideration motion, reasoning that a "week's delay in the filing of [an] opposition" because of "a calendaring mistake caused by the failure to apply a clear local rule" was the product of excusable neglect.[14]

Igbinovia's mistaken belief that his deadline ran from the date he received the motion to dismiss is comparable to the attorney's mistake in *Ahanchian*. And, despite the defendants' argument that Igbinovia's proffered reasons for delay are suspicious,[15] I find no indication that Igbinovia's mistake was a "bad-faith, post-hoc rationalization concocted to secure additional time."[16] The defendants concede that the short delay would not prejudice them or have a substantial impact on the proceedings.[17] So, in keeping with the axiomatic principle that, "[w]henever it is reasonably possible, cases should be decided upon their merits,"[18] I grant Igbinovia's reconsideration motion, vacate my prior order dismissing the case, and administratively revive the defendants' motion to dismiss. Because Igbinovia has filed an opposition to that motion, I give the defendants 7 days to file a reply.

---

[13] *Ahanchian*, 624 F.3d at 1261 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 281 (9th Cir. 1997) (adopting the *Pioneer* Court's test for consideration of Rule 60(b) motions for reconsideration, alteration, or amendment)).

[14] *Id.* at 1262.

[15] ECF No. 23 at 6 (taking issue with Igbinovia's failure to explain why he received the motion 10-days late and the fact that the response Igbinovia eventually did file was only four sentences long).

[16] *Ahanchian*, 624 F.3d at 1262.

[17] ECF No. 23 at 5.

[18] *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).

**B.    Igbinovia's motion to "stay summary judgment" is denied.**

Igbinovia also moves to "stay summary judgment," arguing that he has served the defendants with discovery and invoking FRCP 56(f), which allows the court to postpone ruling on a summary-judgment motion if additional discovery is needed to discover facts essential to the party's opposition.[19]  He contends that he needs the defendants to respond to his discovery requests in order to "file an opposition . . . to defendants' motion for summary judgment" and prepare a cross-motion.[20]

But the defendants have filed no summary-judgment motion in this case.  The defendants filed a motion to dismiss, which does not rely on discoverable evidence but rather argues that Igbinovia's complaint fails on its face because it impermissibly attacks the validity of his conviction.  So Igbinovia's motion is denied as premature.

## Conclusion

IT IS THEREFORE ORDERED that Igbinovia's motion for reconsideration **[ECF No. 19] is GRANTED**.  The Clerk of Court is directed to **reopen this case, vacate the order and judgment dismissing it [ECF Nos. 15 and 16], and administratively revive the defendants' motion to dismiss [ECF No. 13]**.  The defendants' reply in support of their motion to dismiss is due on **October 10, 2023**.

IT IS FURTHER ORDERED that Igbinovia's motion to stay summary judgment **[ECF No. 21] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
October 3, 2023

---

[19] ECF No. 21.

[20] *Id.* at 2 (cleaned up).