# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Enoma Igbinovia<br><br>    Plaintiff<br>v.<br><br>William Hehn, et al.<br><br>    Defendants | Case No.: 2:22-cv-01383-JAD-EJY<br><br>**Order Granting Defendants' Motion to Dismiss and Closing Case**<br><br>[ECF No. 13] |

    Pro se plaintiff Enoma Igbinovia brings this civil-rights suit against various police officers and caseworkers for the circumstances surrounding his arrest and conviction for robbery in 1997 and the conditions of his confinement while he was incarcerated for that offense. The court previously dismissed portions of his complaint, leaving only one claim against Las Vegas Metropolitan Police Officers Hehn, Sacra, Chaparian, and Berni for violations of Igbinovia's Fourteenth Amendment right not to be charged with crimes on the basis of fabricated evidence. Those defendants now move to dismiss, contending that Igbinovia's claim challenges the validity of his conviction and thus is barred by the United States Supreme Court's decision in *Heck v. Humphrey*.[1] The defendants also assert that his claim is barred by collateral estoppel because Igbinovia raised this exact argument in a state-court habeas petition that was ultimately denied on its merits. Because it's clear that Igbinovia's conviction has not been overturned and his allegations in this suit would imply the invalidity of that conviction, I grant the defendants' motion to dismiss his remaining claim as *Heck*-barred and I close this case.

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

**Background**

Enoma Igbinovia alleges that in the late 1990s he was falsely charged and convicted for an armed robbery that he didn't commit.[2] He claims that, on the day the alleged victim Jose Villanueva said that the robbery occurred, Igbinovia was at Villanueva's residence to purchase recreational marijuana, "as [he] had done countless number of times prior to the night of the alleged crimes."[3] Igbinovia avers that Villanueva gave him less marijuana than he paid for, Igbinovia and his friend confronted him about it, and Villanueva became angry and chased them away with a gun.[4] Igbinovia alleges that, a few days later, Villanueva told the police that Igbinovia and his friend forced their way into Villanueva's home and stole some of his guns.[5] At some point, Las Vegas Metropolitan Police (Metro) officers testified that Villanueva gave them a receipt for one of the guns and the serial numbers of others.[6] Igbinovia claims that this evidence didn't exist, and the officers knew that when they testified.[7] He asserts that this false evidence "was the only basis for [the] defendants' investigation and [the] resulting charges and convictions" against him.[8] Igbinovia raised this argument in a state postconviction habeas proceeding in 2005.[9] The petition was denied and the decision was affirmed by the Supreme

---

[2] ECF No. 5.
[3] *Id.* at 11.
[4] *Id.* at 18–19.
[5] *Id.* at 19–20.
[6] *Id.* at 20.
[7] *Id.*
[8] *Id.*
[9] *Id.* at 88–96 (Clark County District Court's order denying Igbinovia's habeas petition).

Court of Nevada on appeal.[10] Igbinovia raised it again in a federal habeas petition, but that petition was denied as untimely.[11]

**Discussion**

Under the Supreme Court's holding in *Heck v. Humphrey*, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."[12] This bar applies to any "claim based on actions [that] would 'render a conviction or sentence invalid' where that conviction has not been reversed, expunged, or called into question," including a fabricated-evidence claim.[13] When a district court dismisses under *Heck*, the dismissal is required to be without prejudice so that the plaintiff "may reassert his claims if he ever succeeds in invalidating his conviction."[14]

Igbinovia claims that his conviction rested entirely on the fabrication of evidence and perjury by Metro's investigating officers.[15] If this court were to find that the evidence supporting his conviction was indeed fabricated, that holding would necessarily imply the invalidity of his conviction. And Igbinovia does not allege that his conviction was already overturned or rendered infirm and indeed attaches evidence that his state-court habeas petition advancing these

---

[10] *Igbinovia v. Warden*, No. 46072.  I take judicial notice of the online docket records of the state district court and appellate courts. *See Papai v. Harbor Tug and Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995) (noting that "[j]udicial notice is properly taken of orders and decisions made by other courts or administrative agencies"), *rev'd on other grounds*, 520 U.S. 548 (1997).

[11] *See* ECF No. 39 in *Igbinovia v. McDaniel*, 3:06-cv-00430-ECR-RAM.

[12] *Heck*, 512 U.S. at 489–90.

[13] *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996); *McDonough v. Smith*, 139 S. Ct. 2149, 2155, 2156 (2019) (noting that a fabricated-evidence claim constituted an "untenable collateral attack on a criminal judgment" and could not be brought "prior to favorable termination of [the plaintiff's] prosecution").

[14] *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

[15] ECF No. 5 at 20.

same theories was denied on its merits.[16] That state-court petition was affirmed on appeal, and Igbinovia's federal habeas petition raising the same ground was denied as untimely. So, because Igbinovia has not shown that his conviction has been reversed or expunged, and this § 1983 claim would challenge the validity of that conviction, his claim is *Heck*-barred. I thus dismiss Igbinovia's remaining Fourteenth Amendment fabricated-evidence claim without prejudice and without reaching the defendants' alternative ground for dismissal.[17]

## Conclusion

IT IS THEREFORE ORDERED that the defendants Hehn, Sacra, Chaparian, and Berni's motion to dismiss **[ECF No. 13] is GRANTED**. This case is DISMISSED without prejudice as *Heck*-barred. The Clerk of Court is directed to **ENTER JUDGMENT ACCORDINGLY** and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
October 31, 2023

---

[16] *See id.* at 88–96; *Igbinovia v. Warden*, No. 46072.

[17] Igbinovia's only argument in response to the defendants' motion is that the magistrate judge already screened his complaint, so his allegations must state a claim. ECF No. 20 at 1–2. But when screening a complaint under 28 U.S.C. § 1915(d), the court doesn't always have the information necessary to identify deficiencies like the one present here. And § 1915 does not foreclose defendants from raising factual or legal deficiencies that the court may have missed. *See, e.g.*, *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) ("[T]he sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring."). I do not consider Igbinovia's arguments raised in his sur-reply, ECF No. 27, as he did not seek leave to file it. *See* L.R. 7-2(b) ("Surreplies are not permitted without leave of court.").